FILED

1    RODNEY B. SORENSEN, Bar No. 196926
      LEILA NARVID, Bar No. 229402
2    E-Mail: *rbs@paynefears.com, ln@paynefears.com*
      PAYNE & FEARS LLP
3    Attorneys at Law
      One Embarcadero Center, Suite 2300
4    San Francisco, CA 94111
      Telephone: (415) 398-7860
5    Facsimile: (415) 398-7863

2010 MAY 26 P 1:01

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6    Attorneys for Defendant
      KOHL'S DEPARTMENT STORES, INC.
7

8                    **UNITED STATES DISTRICT COURT**

9           **FOR THE NORTHERN DISTRICT OF CALIFORNIA** ***EDL***

10            **SAN FRANCISCO / OAKLAND DIVISION**

11    MELINDA CROUL, individually and on      CV 10   2304
      behalf of all others similarly situated,     CASE NO. _____

12                       (Alameda County Superior Court
           Plaintiffs,              Case No. HG10510427)

13

14       v.                   **PETITION AND NOTICE OF REMOVAL**

15    KOHL'S DEPARTMENT STORES, INC.,
      and DOES 1 through 50, inclusive,

16           Defendants.

17

18          TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

19    THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF MELINDA CROUL AND HER

20    ATTORNEYS OF RECORD, SCOTT COLE & ASSOCIATES:

21          PLEASE TAKE NOTICE that Defendant KOHL'S DEPARTMENT STORES, INC.

22    (hereinafter referred to as "Defendant" or "Kohl's") hereby removes this action from the Superior

23    Court of the State of California for the County of Alameda to the United States District Court for

24    the Northern District of California. This removal is based on diversity of citizenship, pursuant to

25    28 U.S.C. §§ 1332 and 1441(a) and (b), and the Class Action Fairness Act, 28 U.S.C. § 1332(a)

26    ("CAFA"), for the reasons stated below:

27    / / /

28    / / /                      ORIGINAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1

PETITION AND NOTICE OF REMOVAL               Case No. _____

# I.

## STATE COURT CLASS ACTION

1. On or about April 19, 2010, plaintiff Melinda Croul ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Alameda, entitled: "*Melinda Croul, individually and on behalf of all others similarly situated vs. Kohl's Department Stores, Inc.*, and DOES 1 through 50, inclusive," designated as Case No. HG10510427 (the "Complaint"). The Complaint alleges the following five purported causes of action: (1) unlawful failure to pay overtime wages, violation of IWC Wage Order 7 and California Labor Code sections 510, 1194 and 1198; (2) failure to provide meal and rest periods, violation of California Labor Code sections 226.7 and 512; (3) failure to provide accurate itemized wage statements, violation of California Labor Code sections 226 and 1174; (4) failure to pay wages on termination, violation of California Labor Code section 203; and (5) unfair business practices under the unfair competition act, violation of California Business & Professions Code sections 17200 through 17208. A copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing are attached as Exhibit A to the Declaration of Rodney B. Sorensen ("Sorensen Decl."), filed with these removal papers.

2. Defendant was served with the Summons and Complaint and Civil Case Cover Sheet on April 26, 2010. Subsequently, Defendant was served with a Notice of Hearing on May 13, 2010.

3. Defendant filed and served its Answer to the Complaint (the "Answer") on May 25, 2010. (*See* Sorensen Decl., ¶ 3.) A copy of the Answer is attached as Exhibit B to the Sorensen Declaration. Defendant has been served with no other process, pleadings or orders in this action. Defendants Does 1 through 50 are unnamed and unknown, and, therefore, to Defendant's knowledge, have not been served with Plaintiff's Summons and Complaint and/or any other pleadings or orders in this action.

4. In accordance with 28 U.S.C. § 1446(d), Defendant will, promptly after filing this Petition and Notice of Removal (the "Notice"), give written notice of the filing of the Notice to Plaintiff and the Clerk of the Alameda County Superior Court. Copies of those notices are attached as Exhibits C and D, respectively, to the Sorensen Declaration. Proof of service of the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

2

1   Notice to Superior Court Clerk of Removal and of the Notice to Adverse Party of Removal will be

2   filed with this Court promptly thereafter. (*See* Sorensen Decl., ¶ 4.)

## II.

## DIVERSITY JURISDICTION

5       5.      The Complaint, and each alleged cause of action contained therein, may be

6   properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action

7   between citizens of different states and that matter in controversy exceeds the sum of $75,000,

8   exclusive of interest and costs. 28 U.S.C. § 1332.

9       6.      Defendant is informed and believes, and on that basis alleges, that Plaintiff is now,

10  and was at the time this action was commenced, a citizen of the State of California within the

11  meaning of U.S.C. § 1332(a) because her place of residence and domicile are and were within the

12  State of California. (*See* Declaration of Larry Viands, Defendant's Territory Vice President,

13  Human Resources ("Viands Decl."), ¶ 2.)

14          (a)     The presence of the Doe defendants has no bearing on diversity with respect

15  to removal. *See* 28 U.S.C. § 1441(a) ("For the purposes of removal under this Chapter, the

16  citizenship of defendants sued under a fictitious name shall be disregarded.").

17          (b)     Defendant is now, and was at the time this action was commenced, a citizen

18  of the States of Delaware and Wisconsin within the meaning of 28 U.S.C. § 1332, because it is

19  now, and was at all material times, organized under the laws of the State of Delaware and it

20  maintains, and at all material times has maintained, its principal place of business, including its

21  corporate headquarters, in the State of Wisconsin. (*See* Sorensen Decl., ¶ 5.)

22      7.      The Complaint seeks an unspecified amount of restitution, compensatory damages,

23  and attorneys' fees in connection with the causes of action set forth in the Complaint. (*See*

24  Complaint, relief sought.) Plaintiff's failure to specify in her Complaint the amount of damages

25  she seeks, however, does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins.*

26  *Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court

27  notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy, if the rules

28  were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific

3

PETITION AND NOTICE OF REMOVAL                                          Case No. _____

1  dollar value upon its claim."). In determining whether a complaint meets the $75,000 threshold of

2  28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory

3  and punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Ass. Soc'y*, 320

4  U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a

5  complaint each must be considered to the extent claimed in determining jurisdictional amount.")

6  (footnote omitted); *Goldberg v. CPC Int 7, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys'

7  fees may be taken into account to determine jurisdictional amount). Based on the nature of the

8  allegations and the damages sought, Plaintiff has placed in controversy an amount exceeding

9  $75,000, exclusive of costs and interests.

10  8.  Because Plaintiff and Defendant are citizens of different states, there is complete

11  diversity between the parties. Further, because there is complete diversity and because the amount

12  in controversy threshold is met, the requirements for removal under 28 U.S.C. §§ 1332 and

13  1441(a) are satisfied.

## III.

## CLASS ACTION FAIRNESS ACT

16  9.  The Complaint is a civil action within the meaning of the Acts of Congress relating

17  to removal of class actions. *See* 28 U.S.C. § 1453.

18  10.  The Complaint was filed by a putative representative person on behalf of a

19  proposed class of individuals. As such, this matter is a "class action" as that term is defined

20  pursuant to CAFA, 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

## A.  CITIZENSHIP OF THE PARTIES

22  11.  Defendant is informed and believes that Plaintiff is now and, since this action

23  commenced on April 19, 2010, has been a citizen of California. (*See* Viands Decl., ¶ 2.)

24  12.  Plaintiff seeks to represent a class consisting of "All persons who were employed

25  as salaried Assistant Store Managers by Defendant in one or more of its Kohl's retail locations in

26  California at any time on or after April 19, 2006." (*See* Sorensen Decl., Exhibit A, Complaint,

27  ¶ 20.)

28  / / /

4

PETITION AND NOTICE OF REMOVAL                    Case No.

1    13.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State

2    by which it had been incorporated and of the State where it has its principal place of business." 28

3    U.S.C. § 1332(c)(1).

4    14.    Defendant is now, and was at the time this action was commenced, a citizen of the

5    States of Delaware and Wisconsin within the meaning of 28 U.S.C. § 1332, because it is now, and

6    was at all material times, formed under the laws of the State of Delaware and it maintains, and at

7    all material times has maintained, its principal place of business, including its corporate

8    headquarters, in the State of Wisconsin. (*See* Sorensen Decl., ¶ 5.)

9    15.    At all relevant times, Defendant has not been incorporated in California and has not

10   had its headquarters, executive offices, or officers based in California. (*See* Sorensen Decl., ¶ 5.)

11   16.    Thus, Defendant is not now, and was not at the time of the filing of the Complaint,

12   a citizen of California within the meaning of the Acts of Congress relating to the removal of cases.

13   Defendant is now and, ever since this action commenced on April 19, 2010, has been a citizen of

14   the States of Delaware and Wisconsin for diversity purposes. 28 U.S.C. § 1332(c)(1).

15   17.    The inclusion of "Doe" defendants in the Complaint has no effect on the ability to

16   remove pursuant to 28 U.S.C. § 1441(a).

17   18.    Therefore, because Plaintiff is a citizen of California and Defendant is a citizen of

18   the States of Delaware and Wisconsin, the parties are diverse as required by CAFA.

19   **B.    THE NUMEROSITY REQUIREMENT IS SATISFIED**

20   19.    It is beyond all reasonable dispute that the putative class numbers are well in excess

21   of 100. As stated in the Declaration of Larry Viands, approximately 659 individuals have been

22   employed or are currently employed as salaried Assistant Store Managers by Defendant in one or

23   more of its Kohl's retail locations in California at any time on or after April 19, 2006. (*See* Viands

24   Decl., ¶ 3.)

25   **C.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

26   20.    Pursuant to CAFA, the claims of the individual members in a class action are

27   aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000,

28   exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

5

21. As explained below, the aggregated claims of class members exceed the sum or value of $5,000,000, exclusive of interest and costs.

22. To determine the amount in controversy, the Court "must assume that the allegations in the complaint are true." *Forever Living Prods. U.S. Inc. v. Geyman*, 471 F. Supp. 2d 980, 986 (D. Ariz. 2006); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The amount in controversy for the putative class, based on the allegations in the Complaint, also exceeds $5,000,000. If the class size is based on what Plaintiff alleges in paragraph 20 of her Complaint – approximately 659 people (*See* Viands Decl., ¶ 3 ) -- that would only entail that each class member have an individual claim of, on average, $7,587.25 in damages in order for this action to involve an amount in controversy of $5,000,000. Defendant denies any liability, denies the propriety of class action treatment, denies the alleged class size, and denies that anyone is entitled to damages based on the allegations of the Complaint. However, the amount in controversy requirement is met based solely on the allegations of the Complaint, which assert the following damages for the entire class: unpaid overtime, including interest thereon and waiting time penalties; lost compensation resulting from missed meal and/or rest periods and waiting time penalties; inaccurate wage statements; waiting time penalties for terminated employees; and attorneys' fees. (*See* Sorensen Decl., Exhibit A, Complaint, ¶¶ 40, 50-51, 57-58, 62-63; relief sought, ¶¶ 1 – 14.)

23. Defendant denies that Plaintiff and the putative class are entitled to any of these amounts, or that any were misclassified as exempt. However, given the size of the class alleged by Plaintiff and the temporal extent of the claims (four years), the allegations of the Complaint, if taken as true, show that the total amount in controversy potentially exceeds $5,000,000 for the entire class and Plaintiff has established the elements necessary for removal under CAFA, 29 U.S.C. § 1332(d).

**IV.**

## THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

24. Because this Notice is filed within thirty (30) days of service of the Complaint upon Defendant, it is timely under 28 U.S.C. § 1446(b).

6

PETITION AND NOTICE OF REMOVAL                    Case No. _____

1    25.    Assignment to the San Francisco / Oakland Division is proper because the state

2  action filed by Plaintiff is pending in the Superior Court of the County of Alameda. 28 U.S.C.

3  § 1446(a); Northern District L.R. 3-2(e).

4    26.    If any question arises as to the propriety of the removal of this action, Defendant

5  requests the opportunity to present a brief in support of its position that this case is removable.

6    **WHEREFORE,** Defendant Kohl's removes the above-entitled action now pending in the

7  Superior Court of the State of California for the County of Alameda to this Court.

8

9  DATED: May 26, 2010                PAYNE & FEARS LLP

10

11                                    By: _____
                                          RODNEY B. SORENSEN
12

13                                        Attorneys for Defendant
                                          KOHL'S DEPARTMENT STORES, INC.
14  4812-1114-1126.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
PETITION AND NOTICE OF REMOVAL                                Case No. _____