Scott Edward Cole, Esq. (S.B. #160744)
Jessica L. Campbell, Esq. (S.B. #280626)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: jcampbell@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MELINDA CROUL, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KOHL'S DEPARTMENT STORES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:10-CV-02304-JSW<br><br>**CLASS ACTION**<br><br>**[PROPOSED]** ORDER (1) GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL TO CLASS ACTION SETTLEMENT; (2) AWARDING ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL; (3) APPROVING ENHANCEMENT AWARD TO THE CLASS REPRESENTATIVE; AND (4) AWARDING REIMBURSEMENT OF CLAIMS ADMINISTRATION FEES AND COSTS<br><br>Date: **November 16, 2012**<br>Time: **9:00 a.m.**<br>Dept.: **Courtroom 11, 19th Floor**<br>Judge: **Honorable Jeffrey S. White** |

-1-
[Proposed] Order Granting Plaintiff's Motion for an Order Granting Final Approval of Class Action Settlement

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

This matter having come before the Court on November 16, 2012, for a hearing on Plaintiff Melinda Croul's Motion For An Order: (1) Granting Final Approval of Class Action Settlement; (2) Awarding Attorneys' Fees and Costs to Class Counsel; (3) Approving Enhancement Award to the Class Representative; and (4) Awarding Reimbursement of Claims Administration Fees and Costs, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby,

**ORDERED, ADJUDGED AND DECREED THAT:**

1. All terms used herein shall have the same meaning as defined in Stipulation and Settlement Agreement ("Settlement").

2. Consistent with the definitions provided in the Settlement, the term "Settlement Class" and "Class Member" shall mean those individuals who worked in a Covered Position within the applicable limitations periods set forth in the Settlement. The term "Covered Position" shall mean all persons who are currently or were previously employed as an Assistant Store Manager for Kohl's in any Kohl's retail store in California during the applicable limitations period. The Settlement Class, however, shall not include any person who previously settled or released the claims covered by this Settlement, any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement, or any person who submitted a timely and valid request for exclusion as provided in the Settlement. The terms Litigation or Lawsuit mean the individual actions brought by Plaintiff Croul (Case No. 3:10-CV-02304-JSW), individually and on behalf of all others similarly situated, against Defendant Kohl's Department Stores, Inc. ("Kohl's"), in the United States District Court for the Northern District of California. "Kohl's Releasees" shall mean Kohl's, its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant.

3. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Action, including all Class Members.

4. Distribution of the notice and the claim form directed to the class members as set forth in the Settlement and the other matters set forth therein have been completed, including the individual notice to all class members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All class members and all Released Claims are covered by and included within the Settlement and this Final Order.

5. The Court further finds that the Settlement is fair, reasonable, and adequate and that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23.

6. The Court hereby approves the settlement terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive and non-collusive arm's-length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research, and counsel for the Parties were able to reasonably evaluate their respective positions. The Court also finds that Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Litigation. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes their significant value to class members. The Court also finds that the Class is properly certified as a class for settlement purposes only.

7. For and in consideration of the mutual promises contained in the Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and each member of the Class who does not submit a timely letter requesting to be excluded from this Settlement, Plaintiff and the Settlement Class Members shall be deemed to have fully released and discharged Defendant, its present and former parent companies, subsidiaries, related or

-3-
[Proposed] Order Granting Plaintiff's Motion for an Order Granting Final Approval of Class Action Settlement

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant or any of them, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action for, or which relate to, under any federal, state or local law, the alleged failure to provide proper meal and rest breaks, the alleged failure to pay appropriate overtime compensation, the alleged failure to pay wages, the alleged failure to pay appropriate overtime pay, the alleged failure to pay appropriate penalties on earned wages, the failure to pay penalties under any provision of the California Labor Code relating to the issues involved in this case and any other claims whatsoever alleged in this case, including without limitation all claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, reporting time pay, penalties of any nature whatsoever, other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claimed on account of unpaid overtime, attorneys' fees and costs, whether known or unknown, from February 6, 2008 up to and including July 16, 2012, arising from employment as an Assistant Store Manager by Defendant within California. In addition, the Settlement Class and each member of the Class who has not submitted a valid request for exclusion forever agree that they shall not institute any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Defendant, nor accept back pay, wages, overtime pay, meal and rest period pay, liquidated damages, punitive damages, penalties of any nature, attorneys' fees and costs, or any other relief from Defendant, for any period from February 6, 2008 up to July 16, 2012, relating to the Claims being settled herein.

  8. Neither the Settlement nor any of the terms set forth in the Stipulation is an admission by Defendant, or any of the other Kohl's Releasees, nor is this Final Order a finding of the validity of any claims in the Litigation or of any wrongdoing by Defendant, or any of the other Kohl's Releasees. Neither this Final Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by or against Defendant, or any of the other Kohl's Releasees, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and any negotiations or proceedings

related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Kohl's, or any of the other Kohl's Releasees, and shall not be offered in evidence in any action or proceeding in any court, or before an administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Order, the Settlement, the Released State Law Claims and/or Released Federal Law Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Final Order, the Settlement, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released State Law Claims and/or Released Federal Law Claims.

9. The Court hereby enters a judgment of dismissal of the entire Litigation, with prejudice, as of the filing date of this Final Order, pursuant to the terms set forth in the Settlement.

10. The Court hereby finds and orders that the Settlement is and constitutes a fair, reasonable and adequate compromise of the Released Claims against Defendant and the Kohl's Releasees.

11. The Court hereby finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

12. The Court hereby confirms Scott Cole & Associates, APC as Class Counsel in this Litigation.

13. Without affecting the finality of this Order for Final Approval of Class Action Settlement, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement, including Defendant, and class members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for mutual benefit of the parties.

14. The Court hereby finds that Class Counsel have adequately represented the interests of the Class at all times in this action. An award of attorneys' fees of $175,000 is hereby approved and awarded to Class Counsel as provided for in the Settlement. The award of attorneys' fees is

1  equal to 25% of the total value of the common benefit created for the Class ("Gross Settlement
2  Amount"). The Court finds that the amount of this award constitutes a fraction of the fees asserted
3  by counsel, and is supported by both the application of the percentage fee and the lodestar-plus-
4  multiplier methods for awarding reasonable attorneys' fees and costs. Both methods are available to
5  the Court and produce the same result. Therefore, the Court relies on each method as an independent
6  basis for its determination of a reasonable award of attorneys' fees and costs.

7      15.    The attorneys' fees award is also warranted based on the alternative lodestar-plus-
8  multiplier method of calculating attorneys' fees in class action cases, and because it constitutes a
9  small fraction of the fees asserted by counsel. Class Counsel has reported a total combined lodestar
10 of $194,552.50. Class Counsel has requested attorneys' fees of $175,000. Applying the lodestar-
11 plus-multiplier analysis, the amount requested by Class Counsel would result from the application of
12 a multiplier of approximately 0.89 to its lodestar.

13     16.    The current multiplier of 0.89 that Class Counsel requests is well below the range of
14 multipliers often approved by courts. *See Chu v. Wells Fargo Invs.*, *LLC*, 2011 U.S. Dist. LEXIS
15 15821 (N.D. Cal. Feb. 15, 2011) (1.467 times multiplier awarded); *Vizcaino v. Microsoft Corp.,* 290
16 F.3d 1043, 1050-51 (9th Cir. 2002) (3.65 times the lodestar amount); *Wershba v. Apple Computer,*
17 *Inc.*, 91 Cal.App.4th 224, 255 (2001) ("Multipliers can range from 2 to 4 or even higher"); *Otero v.*
18 *Rent-A-Center, Inc.*, (L.A. Super. Ct. 2000) No. BC217038 (awarding 2.43 multiplier in wage and
19 hour case). The Court further notes that this is no doubt a "diminishing multiplier" in that Class
20 Counsel has submitted their lodestar based on the time they have spent thus far in the litigation, and
21 the lodestar does not reflect the actual further billable hours Class Counsel will be expending in the
22 future due to their continuing administrative and other duties in connection with implementing the
23 Settlement Agreement. This future work was taken into account in considering the reasonableness of
24 Class Counsel's requested multiplier. The Court further finds that Class Counsel's hourly rates were
25 reasonable for the work that they performed.

26     17.    In the course of this litigation, Class Counsel incurred substantial costs in the form of
27 legal and factual research, photocopies, fax, travel, postage, and telephone charges. Scott Cole &
28 Associates, APC has incurred $9,009.72, (as of October 10, 2012) and will incur additional expenses

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

1  through the completion of the distribution process including, but not limited to, photocopies, fax, postage, and telephone charges. The Court notes that such costs are reasonable and appropriate in these types of cases. *In re United Energy Corp. Sec. Litig.*, 1989 U.S. Dist. LEXIS 19146, *16 (C.D. Cal. Mar. 9, 1989) ("An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved."); 1 Alba Conte, *Attorney Fee Awards* § 2:08 at 50-51 ("The prevailing view is that expenses are awarded in addition to the fee percentage."). As such, the actual costs incurred by Class Counsel in this litigation are reasonable and appropriate as they served to benefit the class and are appropriate for reimbursement in the amount of $9,009.72, pursuant to the Settlement and the cost report attached to Declaration of Jessica L. Campbell in Support of Plaintiff's Motion for an Order Granting Final Approval of Class Action Settlement.

18. The Court finds that Plaintiff Melinda Croul has contributed significantly to the resolution of this case and has fairly and adequately represented and protected the interests of the Class at all times in this action. Among other efforts, Plaintiff participated in two days of deposition, produced documents and provided detailed background information to Class Counsel about the organizational structure of the company and working conditions of the Class Members, gathered and produced relevant documents to Class Counsel, and maintained contact with Class Counsel. In addition, Plaintiff filed this case in spite of any perceived risk of retaliation by Defendant and by potential future employers who may have learned of her participation in this class action. The Court notes that none of the Class Members have objected to the enhancement award requested by Plaintiff and that the awards will not significantly reduce the amount of settlement funds available to the Class.

19. The Court finds the enhancement award to be fair and reasonable compensation based upon the evidence presented regarding the services provided and risks incurred by Plaintiff in assisting Class Counsel in this matter. The Representative Plaintiff shall receive an Enhancement Award in the amount of $10,000.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

20. The Court finds that the costs which have already been incurred by the Claims Administrator, CPT Group, Inc., were incurred for the benefit of the Class, are fair, reasonable, appropriate for reimbursement, and are, therefore, hereby approved. CPT Group, Inc. will charge $15,000 for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

21. Judgment will be entered in accordance with the findings and orders made herein. For all of the reasons set forth above, Plaintiff's Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Costs to Class Counsel, Enhancement Award to the Class Representative, and Reimbursement of Claims Administration Fees and Costs, is hereby **GRANTED**.

22. Under Federal Rules of Civil Procedure 23, 54, and 58, the Court, in the interests of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Order, and hereby decrees that, upon entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

Dated: December 5, 2012

_Jeffrey S. White_
The Hon. Jeffrey S. White
United States District Judge